## CARMEN SUAREZ PABÓN ET AL., Plffs.

### v.

## FRANCISCO MARCOS PURÓN ET AL.

San Juan, Equity, No. 250.

1. When the pleadings in an equity cause are mixed and full of interlineations, the court may order them to be rewritten.
2. The practice of sending issues of law to a master discountenanced.

Opinion filed October 26, 1907.

---

*Mr. Joseph Anderson, Jr.,* solicitor for plaintiffs.

Pabón v. Purón.

*Mr. T. D. Mott, Jr.,* and *Mr. Francis H. Dexter,* solicitors for defendants.

RODEY, Judge, delivered the following opinion:

This matter comes before the court on the oral motion of W. H. Hawkins, Esq., that a fee be fixed for his services in passing upon a demurrer herein under an order of court, made by a former incumbent of this bench, by consent of the parties.

The court again (see our remarks in Woodson v. Vendig, No. 173) expresses its disapproval of the action of any court in abdicating its functions and sending the issue on a demurrer out to a master to pass upon a question of law, and thereafter charging a fee for such master against either of the parties. However, as, in the case referred to, it appears that the issue here went to said master by consent of both sides, therefore the court now feels authorized to fix, and does fix, a fee of $25 in the premises for the said master, and allows the same to him, to be paid by the then sole complainant, Carmen Suarez Pabón, within ten days from the filing hereof.

Whilst now examining the papers, we find that it is another much-neglected issue on the docket without any apparent excuse therefor, and that the pleadings are unnecessarily numerous, mixed, full of interlineations, and generally in bad order.

It is therefore ordered that complainants herein, within ten days from the filing hereof, shall cause their bill of complaint to be entirely and cleanly rewritten,—the same to contain the names of all of the complainants and all of the respondents as now shown by the record, and that, in default of their so doing, the bill will stand dismissed with costs without further action by the court.

Pabón v. Purón.

If the bill shall be so cleanly and completely **rewritten**, then, five days thereafter, it shall stand for hearing, and be placed on the motion docket for that purpose by the clerk, on the issue raised by the demurrer of Francisco Marcos Purón, and that of any other of the respondents who may choose to join in said demurrer; and by such time all of the remaining respondents, save Juan Font y Vilá and his wife, Juana Suarez Pabón, who appear to have already answered, must have joined in said demurrer or have filed an answer in the premises. Parties will be notified accordingly and proper orders will be entered of record in this behalf.